STATE, ex rel. ALLIS, VS. MAYOR &c. OF MILWAUKEE

A resolution of the common council of the city of Milwaukee authorized the mayor and clerk to issue city orders to "the owners" of certain lots, for the amount of a special tax which had been paid on them for building a ship canal, the construction of which had been abandoned. Some of these lots were owned, at the time the tax was levied, by A, B and C, who afterwards sold them to D; but the amount of the special tax on them was deducted from the purchase money by request of the grantors, and paid to the city by D. *Held*, that the tax was paid by A, B and C, and not by D; and that the latter was not entitled to a city order for the amount, under said resolution.

APPEAL from the Circuit Court for *Milwaukee* County.

Application for a *mandamus* to compel the mayor and clerk of the city of Milwaukee to issue to the relator orders of the city to the amount of $303, to which he claimed a right under two resolutions passed by the common council in February, 1857. The resolutions were as follows: 1. "That the special taxes levied for the year 1855 for the construction of a slip or ship canal in the fifth ward, be and they hereby are remitted on all lots on which said taxes have not yet been paid, and on which the city is the holder of the tax certificates." 2. "That the city treasurer is hereby directed to furnish the city clerk with a list of all lots on which the special taxes for said ship canal have been paid, and that the mayor and clerk be authorized to issue city orders to the owners of such lots, to the amount of such special taxes paid thereon."

The relation alleges that at the passage of said resolutions, the relator was the owner of certain lots in the fifth ward, upon which special taxes for the construction of said ship canal had been levied, to the amount of $303, and that said taxes were paid in January, 1856.

The substance of the return is stated in the opinion of the court. The relator demurred to the return, and the court sustained the demurrer, and awarded a peremptory *mandamus*.

*J. La Due*, for appellants.

*F. W. Pitkin*, for respondent:

1. There is no doubt that the council intended the orders should be issued to the parties who owned the lots

at the time the resolutions were passed. The language of the resolution is " to the owners of lots"—not "to those who did own the lots at the time the tax was assessed." 2. Until the passage of the resolutions, the council had intended to construct the ship canal, and thereby benefit the lots. When they abandoned it, they designed to give the parties who would have been benefitted by its construction, the money which had been set apart for that purpose. · If the relator procured a deduction from the price of the lot on account of the tax, he still expected the property to be benefitted by the improvement. He was entitled to the improvement, or to the appropriation made for it. 3. By the first resolution, the tax is remitted on all lots on which the tax has not been paid. If the relator had not paid the tax, he would have had his $303. His paying it cannot put him in any worse position. 4. His grantors had parted with all interest in the canal and lots. He, not they, was to be benefitted by the improvement, and when it was abandoned, he was equitably entitled to receive the sum which his lots had contributed for making it. They had parted with all their interest in the canal and lots, and no resolution of the common council could restore it.

*By the Court,* COLE, J.    This case must turn upon the construction which is placed upon the resolution set forth in the relation.    By the resolution, the mayor and city clerk were authorized to issue city orders to the owners of lots upon which special taxes had been paid for the ship canal, to the amount of such special taxes.    The construction of the ship canal having been abandoned, the city authorities, by this resolution, took steps to refund the taxes which had been paid by property owners for the purpose of making that improvement.    This seems to have been the occasion for passing the resolution.

The return alleges that the relator never paid any money to his own use, by reason of the special tax for the ship canal, upon the property described in the relation; but that at the time of levying and collecting the amount of the taxes on the property, viz., $303, for the purpose of ·constructing

the proposed canal, the property was owned by Ludington, Watkins and White; that afterwards the property was conveyed by them to the relator, and the sum of $303 for the special tax was deducted from the purchase money, and the deduction was made at the instance and request of the grantors; and that the relator paid the special taxes to the city with the money so furnished to him by Ludington, Watkins and White, to whom the order for the amount of the special tax had been issued under the resolution. We do not give the precise words, but state the substance of the return. And does it not show a satisfactory reason for not issuing the order to the relator? It seems to us it does.

It is true the relator owned the property at the time the resolutions were passed for refunding the money. But according to the above averments, though he then owned the property, yet he himself had paid no special tax upon it. For this special tax had really been paid by his grantors. The amount thereof had been deducted from the consideration money, and the relator went and paid it into the city treasury for and on behalf of his grantors. It is the same in effect as though he had paid the entire consideration money to his grantors, and they had paid the tax in person, or had furnished him with the money to pay it for them as their agent. Under such circumstances, can there be a doubt as to the party entitled to have the benefit of the resolution? Suppose Ludington, Watkins and White had paid the special tax themselves, and then conveyed the property to the relator, intermediate such payment and the abandonment of the work and the passage of the resolution? Could the relator then insist upon having the amount of the special tax paid to him, merely because he happened to own the property at the time of this action by the city authorities? It seems to us that he could not, and that any such assumption on his part would have been unfounded in equity and justice, and unwarranted by the object and purposes of the resolution. And still we perceive no essential difference between the case supposed and the one presented on the face of the relation. For if the relator's grantors had furnished him the money to pay the special tax, or if such tax was de-

ducted from the purchase money, then the substance of the transaction was, that the tax was paid by them and not by him. They received so much less for their property than they would, had not this tax been assessed against it. They had contributed out of their own fund the amount of the special tax. And when the work was abandoned—when the object for which the money had been collected failed—then it was manifestly just and proper that this money should be paid back to the persons from whom it had been collected. This was what the resolution contemplated, and the return shows that this was done. Of course, on the demurrer, the matters stated in the return must be assumed as true. The demurrer admits them to be true, and this case must be so considered on this appeal.

We therefore, think the demurrer to the return was improperly sustained.

The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings according to law.